```
 1  WRIGHT, FINLAY & ZAK, LLP
    T. Robert Finlay, Esq., SBN 167280
 2  David L. Chaffin, Esq., SBN 258459
 3  4665 MacArthur Court, Suite 280
    Newport Beach, CA  92660
 4  (949) 477-5050; Fax: (949) 477-9200 (Zepeda, Pleadings/Notice of Removal)
 5
 6  Attorneys for Defendant,
    AMERICAN HOME MORTGAGE SERVICING, INC.
 7
```

FILED 2009 SEP 17 AM 10:56 CLERK, U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. RIVERSIDE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA ZEPEDA,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., and DOES 1-100,<br><br>    Defendants. | Case No.: **ED CV 09 - 01767 SGL**<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b)--(Diversity of Citizenship)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant AMERICAN HOME MORTGAGE SERVICING, INC. ("AHMSI") hereby removes to this Court the state court action described below:

-1-

1.  On June 18, 2009, Plaintiff EMMA ZEPEDA ("Plaintiff") filed a complaint against the above named Defendant in the Superior Court of the State of California, for the County of Riverside, entitled *Zepeda v. American home Mortgage Servicing, Inc.*, Case No. INC 087392. ("State Court Action"). A true and correct copy of that Complaint is attached hereto as Exhibit "1."

## DIVERSITY OF CITIZENSHIP

2.  The Action may be removed to this Court in accordance with 28 U.S.C. § 1441(b) since this Court has original jurisdiction, pursuant to 12 U.S.C. § 1332, on the basis of diversity jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000. Although the actual amount in controversy is not specifically alleged in the Complaint, the "loan" about which Plaintiff complains including that the principal sum due and owing under the loan is approximately $400,000.00.[1]

3.  Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California and resident of Riverside County County.[2] Defendant AHMSI was and is a Delaware Corporation and having its principal place of business in the state of Texas.[3] There are no other named defendants to this action.[4]

///
///
///
///
///
///
///

---

[1] Complaint ¶ 1.
[2] *Id.*
[3] Complaint ¶ 2.
[4] See Complaint.

-2-

1  4. AHMSI was served a copy of Plaintiff's Complaint on August 17,
2  2009, and they bring this Notice of Removal within thirty (30) days therefrom, as
3  required by 28 U.S.C. § 1446(b).

                                      Respectfully submitted,

                                      WRIGHT, FINLAY & ZAK, LLP

Dated: September 16, 2009    By: /s/ T. Robert Finlay
                                      T. Robert Finlay, Esq.
                                      David L. Chaffin, Esq.
                                      Attorneys for Defendant,
                                      AMERICAN HOME MORTGAGE
                                      SERVICING, INC.

EXHIBIT 1

```
JOHN R. SETLICH   SBN:236586
LAW OFFICES OF JOHN SETLICH
12592 CENTRAL AVE.
CHINO, CA 91710
TELE: (909) 591-8234
FAX:  (909) 591-8235

Attorney for Plaintiff,
EMMA ZEPEDA
```



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUN 18 2009
M. Herrera

MG1

JUN 26 2009

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| EMMA ZEPEDA,<br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., AND DOES 1-100,<br><br>    Defendants. | Case No. INC 087392<br><br>COMPLAINT FOR UNFAIR AND DECEPTIVE PRACTICES, B&P § 17200; FRAUD; AND DECLARATORY RELIEF<br><br>Date: May 26, 2009<br>Time: 8:30 a.m.<br>Dept: |

TO THE COURT:

    COMES NOW, Plaintiff, Emma Zepeda, and for her Complaint in this matter, alleges as follows:

    1.    Plaintiff is an individual residing in Riverside County, California. Plaintiffs are the trustors in possession of real property located at 82891 Tyler Court, Indio, California 92203 ("Subject Property"). Said Property was financed through Option One Mortgage, which later merged with Defendant, American

INC 087392

Home Mortgage Servicing, Inc. ("AHMS"), for the amount of $400,000.00.

2. At all relevant times, Defendant, AHMS, a Delaware Corporation, has transacted and continues to transact business throughout the State of California, including in Riverside County.

3. At all relevant times, Defendant, Loan Emporium, Inc. ("LEI"), a California Corporation, has transacted and continues to transact business throughout the State of California, including Riverside County.

4. Defendants Doe 1 through Doe 100, inclusive are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by asserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

5. In committing the acts alleged in this complaint, each Defendant was the agent and employee of each other Defendant and was acting in the scope of that agency and capacity. The conduct of each defendant was ratified by each Co-Defendant.

6. Venue in this Court is proper because the acts complained of herein occurred within this judicial district and all acts which are complained of herein were performed by Defendants within this judicial district.

ING 087392

7.  On or about June of 2005, Plaintiff, as sole borrower, financed a $400,000.00 loan through Option One Mortgage, which later Merged with Defendant, AHMS.

8.  At the time of financing, Plaintiff, Emma Zepeda, grossed approximately $24,000.00. As such, Plaintiff's monthly gross earnings were approximately $2,000.00.

9.  At the time of financing, Plaintiff should not have qualified for a loan in the amount of $400,000.00 as sole borrower and based on her gross income.

10. On or about January 1, 2009, Plaintiff's new monthly payment became $2,672.77 after her interest rate was increased from 5% to 6%.

11. Under no circumstance could Option One, merged to Defendant, AHMS, reasonably have believed that given Plaintiff's income at the time of financing Plaintiff could afford a $400.000.00 mortgage. A subsequent monthly payment above Plaintiff's gross income a mere four years after the original financing on the Subject Property is further evidence of that fact.

12. Due to Option One's, heretofore, by merger, AHMS, unscrupulous lending practices, Plaintiff's home is set to sold at foreclosure sale on or about May 27, 2009.

## FIRST CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE PRACTICES, B&P § 1700

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12 above as though fully set forth.

INC 087392

14. Upon information and belief, Plaintiff's original loan with Defendant, AHMS, was merely a stated income loan. AHMS did not verify Plaintiff's income. Non-verification of income was a deceptive and unfair business practice meant to induce Plaintiff, whom would otherwise not qualify for a loan amount of $400,000.00, into financing the Subject Property.

15. Upon information and belief, the primary incentive for Defendant's unscrupulous lending practices, through its agents, brokers, employees and assigns, was that said agents, brokers, employees and assigns were paid on commission and/or given bonuses for financing sub-prime loans.

16. Upon information and belief, Defendant, AHMS, had further incentive in that it was common practice for AHMI to finance sub-prime loans that it knew or should have known then assign the rights of service on the loan to a third party for valuable consideration.

17. Upon information and belief, not verifying Plaintiff's income, giving pecuniary incentives to its agents, brokers, employees and assigns for brokering sub-prime loans, and assigning a sub-prime loan to a third party for valuable consideration when AHMS knew or should have known Plaintiff could not qualify for a $400,000.00 as a sole borrower given her stated income is an unfair and deceptive business practice.

18. As a result of Defendant's, JPMCB, deceptive and unfair business practices, Plaintiff was damaged in an amount to be proven by the evidence at trial.

/////

/////

INC 087392

## SECOND CAUSE OF ACTION FOR FRAUD

19. Plaintiff hereby incorporates by reference paragraphs 1 through 18 above as though fully set forth.

20. Upon information and belief, on or about June of 2005, the Subject Property was financed through Option One Mortgage, later to be merged with Defendant, AHMS, with Plaintiff, Emma Zepeda being the sole borrower.

21. As previously stated, at the time of financing, Plaintiff's gross earned income was approximately $24,000.00.

22. The original loan amount was $400,000.00.

23. Upon information and belief, agents, brokers, employees, or assigns, falsely represented to Plaintiff that given her stated income she could the monthly payments on a $400,000.00. The fact that Plaintiff is the sole borrower on the loan is evidence of such statements.

24. Upon information and belief, the representations by the Defendant's agents, brokers, employees or assigns were false, the true nature of the facts being as the lone and sole borrower, Plaintiff could not afford a $400,000.00 mortgage when only grossing approximately $24,000.00 a year. As further evidence that Plaintiff could not afford the predatory loan she was induced to finance, Plaintiff current monthly payment, as previously stated, is $2,672.77 yet Plaintiff still makes approximately $2,000 a month.

25. Defendant and Defendant's agents, brokers, employees and assigns knew or should have known that these representations were false at all times herein mentioned. Defendant and

INC 087392

Defendant's agents, brokers, employees and assigns concealed and suppressed the true facts, although the true facts were known or should have been known to them. Defendant and Defendant's agents, brokers, employees and assigns were under a duty to disclose these facts.

26. Upon information and belief, the false representations and deceptive lending schemes were made with intent to induce the Plaintiff to rely on them and with intent to defraud Plaintiff into financing a mortgage she could not afford so that, Defendant's agents, brokers, employees and assigns could profit from incentives based on brokering sub-prime loans and Defendant could benefit by assigning right of service to a third party for valuable consideration.

27. Upon information and belief, Plaintiff was justified in her reliance upon Defendant's misrepresentations because Defendant and Defendant's agents, brokers, employees and assigns are in the business of mortgaging homes and portrayed themselves to be honest and upright.

28. As a direct and proximate result of Defendant's fraudulent representations and concealment of facts, Plaintiff was injured in an amount to be proven by the evidence at trial.

### THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF: C.C. § 2923.6

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 above as though fully set forth.

INC 087392

30. As a result of the foregoing circumstances, an actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and obligation.

31. On or about June 2005, Plaintiff, Emma Zepeda as sole borrower, refinanced the Subject Property.

32. Upon information and belief, Defendant, AHMS, has a duty, under its pooling and servicing agreements, owed to all parties in its loan pool to act in the pool's best interest and maximize net present value under said agreement.

33. Upon information and belief, the Subject Properties current market value ranges from $275,000.00 - $285,000.00.

34. Upon information and belief, the cost to Defendant, AHMS, just in foreclosure and not calculating costs in defending its rights to the Subject Property is $50,000.

35. Upon information and belief, Defendant's, AHMS, anticipated recovery on net present value is approximately $225,000.00 - $235,000.00 after foreclosure.

36. Plaintiff's, Emma Zepeda, through Defendant, AHMS, is currently in default.

37. Upon information and belief, a loan modification would exceed the anticipated recovery through foreclosure on a net present value basis.

38. Upon information and belief, Defendant, AHMS, must offer loan modification because such modification would increase the anticipated net present value and is consistent with contractual and other authorities.

39. On the above-mentioned basis, Plaintiff asserts that she has a legal right to modify her loan with Defendant, AHMS.

INC 087392

40. Defendant contends that it has a legal right to take possession on the Subject Property, notwithstanding Plaintiff's willingness to modify the existing mortgage loan.

41. Plaintiff desires a judicial determination of the respective rights and obligations of the parties to this action, including a determination that Plaintiff has a right to modify his existing home loan with Defendant, AHMS.

42. Such a determination is necessary and appropriate at this time in order to avoid a multiplicity of actions and to ensure a timely, complete, and final adjudication of the rights of all parties affected by this controversy.

WHEREFORE, the Plaintiff prays judgment as follows:

1. For compensatory damages in an amount to be determined at trial;
2. For punitive damages in the amount appropriate to punish the Defendant and deter others from engaging in similar misconduct in an amount to be determined at trial;
3. For injunctive relief preventing Defendant from continuing any foreclosure process and sell of the Subject Property.
4. For declaratory relief in the form of determination of each parties right to the Subject Property and Plaintiff's right to modify his loan with Defendant.
5. For specific performance by Defendant, AHMS, to modify Plaintiff's existing mortgage.
6. For attorney fees if allowed by statute or contract;
7. For costs of suit incurred herein; and

INC 087392

1. 8. For such other and further relief as the court may deem
2. proper.

Respectfully submitted,

Dated: June 12, 2009

JOHN R. SETLICH
ATTORNEY FOR PLAINTIFF